UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK RICHARD SKIBBE,

    Plaintiff,

v.                                                    Case No. 1:05-cv-175
                                                    HON. R. ALLAN EDGAR

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Mark Richard Skibbe, an inmate currently confined at the Standish Correctional Facility (SMF), filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Michigan Department of Corrections (MDOC) and MDOC Director Patricia Caruso and Kinross Correctional Facility (KCF) Warden Linda Metrish.

Plaintiff's complaint alleges that he suffers with Neuromuscular Dermatomyositis. Plaintiff describes this disease as a progressive and severely debilitating disease which causes severe muscle weakness and pain. Plaintiff indicates that his medications cause him to be in a strong state of intoxication 24 hours per day. Plaintiff uses a cane inside the prison cell block and a wheel chair when he leaves the cell block. Plaintiff has access to a handicapped shower, drinking fountain, restroom and seating. He has been housed in a handicap cell for approximately six years. Plaintiff also suffers with diabetes, glaucoma and arthritis. He tested positive for Hepatitis-C in 1987. Plaintiff believes that he eventually will be dependent upon a wheelchair for all mobility.

Plaintiff alleges that he was classified as a level two, medium security prisoner in February 2000. Plaintiff alleges that on January 10, 2005, his security classification was changed

to a level one, minimum security. Plaintiff asserts that the lowest security level with a protection unit is the level two protective facility at KCF. Plaintiff alleges that non-disabled prisoners at SMF are routinely transferred to KCF. Plaintiff alleges that because he needs protection from other prisoners his true security level has been waived to level five, maximum security. Plaintiff claims that he has not been provided with any handicapped equipment by defendants which could enable him to be housed at KCF. Plaintiff's requests for transfer to KCF have been denied and plaintiff has been informed that he will not be transferred to KCF because the protection unit at KCF is not equipped to house disabled prisoners. Plaintiff alleges that he has been unable to participate in programs and activities that are provided at KCF, such as assaultive offender group therapy, and vocational training. Plaintiff also complains that if transferred to KCF he could receive more personal property and take advantage of privileges that would be available to him at KCF.

Plaintiff claims that defendants' failure to transfer him to KCF violates his rights under the Americans With Disabilities Act of 1990 (ADA) and under Section 504 of the Rehabilitation Act. Plaintiff also asserts due process and equal protection violations. Plaintiff requests that the court issue an injunction requiring handicap access at KCF in the third floor protection unit, or require that the protection unit move to the first floor. Plaintiff requests compensatory damages of $50,000 from defendant Caruso and $50,000 from defendant Metrish and punitive damages of $50,000 from defendant Caruso and $50,000 from defendant Metrish.

Defendants have filed a motion for summary judgment. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by

affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff is housed at SMF in a facility that accommodates his medical condition. Plaintiff wants to be transferred to KCF. However, the facility at KCF cannot accommodate plaintiff's medical condition. Plaintiff argues that the MDOC and defendants should be required to upgrade the KCF facilities to allow accommodation for his medical needs and that he should be transferred to KCF. There are two major flaws in plaintiff's argument. One is that plaintiff has no right to be housed at a particular prison facility. *Meachum v. Fano*, 427 U.S. 215 (1976); *Olim v. Wakinekona*, 461 U.S. 238 (1983). Plaintiff has no right to demand a transfer to a particular prison facility. *Id.* Second, plaintiff has no right to be housed at a particular security classification level. *Hewitt v. Helms*, 459 U.S. 460, 468-69 (1983); *Moody v. Daggett*, 429 U.S. 78, 88, n.9 (1976).

Moreover, a Michigan prisoner has no liberty interest in his security classification under state law. State law regulating classification of prisoners in Michigan gives prison authorities nearly complete discretion concerning the assignment of a prisoner to a particular classification. *See* Michigan Ad. Rule R 791.4401 (Eff. 1/3/90) (classification is highly subjective, discretionary matter); PD 05.01.130 (permitting officials to depart from classification level indicated by screening forms where indicated); *Newell v. Brown*, 981 F.2d 880, 884-85 (6th Cir. 1992) (finding no liberty interest created under "emergency" version of administrative rule, which was, in pertinent part, adopted as the permanent rule effective January 3, 1990), *cert. denied*, 510 U.S. 842 (1993).

   KCF was originally designed as an Air Force base and was never intended to handle the needs of disabled prisoners on a long term basis. SMF, however, was designed and equipped to accommodate the long term needs of disabled prisoners. The state has provided prisoners with facilities to accommodate all levels of handicap and disability. A prisoner cannot choose which facility he would like to be housed at, and then require the state to make accommodations for the prisoner's disability at the prison of choice. Plaintiff is being accommodated at SMF.

   Plaintiff cannot bring a claim for monetary damages against defendants in their official capacities. A suit against an individual in his official capacity is equivalent to a suit brought against the governmental entity; in this case, the Michigan Department of Corrections. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Recently, the Sixth Circuit ruled that the Eleventh Amendment bars a civil rights action to the extent that it relied on congressional enforcement of equal protection in non-employment ADA cases, although a due process claim of denial of participation in public services was not barred. *Popovich v. Cuyahoga Court of Common Pleas*, Nos., 276 F.3d 808 (6th Cir. 2002) (en banc). The Fifth Circuit also recently held that Congress did not validly abrogate Eleventh Amendment

immunity under Title II of the ADA and under the Rehabilitation Act for an action brought by prisoners regarding inadequate mental health services. *See Reickenbacker v. Foster*, 274 F.3d 974 (5th Cir. 2001). Thus, Plaintiff's claims of discrimination, based on equal protection principles and against the defendants in their official capacities, are barred by Eleventh Amendment immunity.

Plaintiff cites the American with Disabilities Act and the Rehabilitation Act in his complaint asserting that non-disabled prisoners have been transferred to KCF from SMF and non-disabled prisoners have participated in assaultive offender group therapy and vocational training which is available at KCF. Defendants Caruso and Metrish are not proper defendants under the ADA and RA for claims against them in their individual capacities. Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The RA similarly provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . " 29 U.S.C. § 794. Because individuals such as Caruso and Metrish are not public entities providing programs or activities to which either the ADA or RA apply, they cannot be liable in their personal capacities under either Act. *See Reickenbacker*, 274 F.3d at 975 n.9 (noting that plaintiffs withdrew their individual claims in the face of a statutory argument); *Key v. Grayson*, 163 F. Supp.2d 697, 715 (E.D. Mich. 2001) (following great weight of authority holding that individuals cannot be liable under Title II of the ADA); *Calloway v. Boro of Glassboro Dept. of Police*, 89 F. Supp.2d 543, 557 (D. N.J. 2000) (collecting decisions of the Eighth Circuit and various district courts holding that individuals cannot be liable under the ADA or RA).

Plaintiff has asserted that defendants violated his equal protection rights. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to deny plaintiff a transfer to a KCF need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973) ; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997).

To prove his equal protection claim, Plaintiff must demonstrate "intentional and arbitrary discrimination" by the state; that is, he must demonstrate that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Plaintiff has not established that other similarly situated prisoners were treated differently than himself. Moreover, defendants have placed plaintiff appropriately by providing full handicap access within the prison facility. Plaintiff's assertion that the MDOC must transfer him to KCF and must provide handicap access in a protection unit at KCF is inappropriate. Defendants have explained that transferring plaintiff to KCF and making costly changes to provide full handicap access for plaintiff, at that facility in a protection unit, is unreasonable.

Defendants Caruso and Metrish are also protected from damages under qualified immunity. Government officials, performing discretionary functions, generally are shielded from

liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). Defendant Metrish has never had contact or conversations with plaintiff. As Warden of KCF, she has explained that the facility can temporarily house handicapped prisoners, but KCF is not equipped for the long term housing of handicapped prisoners. The MDOC has facilities available to house handicapped prisoners at all levels which are specifically designed to meet the needs of handicapped prisoners. Plaintiff cannot show that defendant Metrish nor defendant Caruso violated his rights.

Plaintiff has moved to amend his complaint to more fully explain his claims, to withdraw his request for punitive damages, name defendants only in their official capacities, and request a jury trial. Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "a party must act with due diligence if it intends to take advantage of the Rule's liberality." *United States v. Midwest Suspension and Brake*, 49 F.3d 1197, 1202 (6th Cir. 1995). The court may deny leave to amend a complaint where the amendment is brought in bad faith, will result in undue delay or prejudice to the opposing party, or is futile. *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995), *cert. denied*, 116 S. Ct. 1354 (1996). Plaintiff's proposed amended complaint is futile under these circumstances because he cannot defeat defendants' motion for summary judgment.

Accordingly, it is recommended that Defendants' Motion for Summary Judgment (Docket # 23) be granted and that this case be dismissed in its entirety. It is further recommended that the court deny plaintiff's motion to amend his complaint (Docket # 34).

Further, if the court adopts this recommendation the court should decide that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the court grants defendants' motion for summary judgment, the court can discern no good-faith basis for an appeal. It is recommended that should the plaintiff appeal this decision, the court assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he should be required to pay the $255 appellate filing fee in one lump sum.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 14, 2006